**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO GARCIA-ROSALES, AKA Javier Chavez, AKA Raul Juarez Martinez, AKA Roberto Rosales-Piedra, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   15-72222 <br><br> Agency No. A093-487-069 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2017[**]

Before:      CANBY, TROTT, and GRABER, Circuit Judges.

Roberto Garcia-Rosales, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen, and review de novo

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

constitutional claims. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

The BIA did not abuse its discretion or violate due process in denying Garcia-Rosales' motion to reopen as untimely, where he filed the motion more than ten months after his final order of removal, and failed to comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See* 8 C.F.R. § 1003.2(c)(2); *Singh v. Holder*, 658 F.3d 879, 884 (9th Cir. 2011) (*Lozada* compliance required to qualify for equitable tolling of the filing deadline based on ineffective assistance of counsel); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process challenge).

Because the timeliness determination is dispositive, we do not consider Garcia-Rosales' remaining contentions regarding the alleged ineffectiveness of prior counsel or his eligibility for relief. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Garcia-Rosales' request to stay his removal is denied as moot. The currently effective temporary stay of removal will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**